Joey **THREATTE,** as surviving parent of Courtney Threatte, deceased, Beulah Threatte, as surviving parent of Courtney Threatte, deceased, Plaintiffs,

v.

**TOYOTA MOTOR CORPORATION,** Toyota Motor Sales, Inc., U.S.A., Defendants–Third–Party Plaintiffs–Appellees,

Southeast Toyota Distributors,
Inc., Defendant–Appellee,

v.

Allen Automotive, Inc., d.b.a. Heyward
Allen Toyota, Third–Party–
Defendant–Appellant.

No. 06–13783
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 26, 2006.

Elizabeth C. Helm, Morris, Manning &
Martin, William P. Claxton, Darcy S. Du-
val, Claxton & Claxton, LLC, Atlanta, GA,
for Third–Party–Defendant–Appellant.

D. Alan Thomas, Huie, Fernambucq &
Stewart, Birmingham, AL, for Defen-
dants–Third–Party Plaintiffs–Appellees.

Arnold C. Young, Hunter, MaClean, Ex-
ley & Dunn, P.C., Savannah, GA, for De-
fendant–Appellee.

Before TJOFLAT, ANDERSON and
BARKETT, Circuit Judges.

PER CURIAM:

This case is before us for a second time.
In *Threatte v. Toyota Motor Corporation
et al.*, 77 Fed.Appx. 508, we vacated the
district court's order granting Toyota sum-
mary judgment on an issue not involved in
this appeal, and remanded the case for
further proceedings.

The salient facts are fairly straightfor-
ward. In August 1998, Ms. Courtney
Threatte, a college student driving her
1997 Toyota Corolla home from college,
failed to negotiate a sharp curve in the
road and hit a tree. The Corolla's air bag
failed to deploy, Ms. Courtney's body
struck the steering wheel, and she was
killed. The cause of death, according to
the Death Certificate, was "massive head
and internal injuries."

Threatte's parents sued Toyota for
wrongful death. During discovery, a Toy-
ota engineer and a plaintiffs' expert con-
cluded that the air bag failed to deploy
because the air bag computer was not fully
connected electrically and therefore could
not function. The computer had been re-
placed by Toyota dealer Allen Automotive,
Inc., d.b.a. Heyward Allen Toyota ("Al-
len"), pursuant to a voluntary recall pro-
gram paid for by Toyota.

Toyota called on Allen to indemnify it
for any sums it might be required to pay
the plaintiffs and to participate in settle-
ment negotiations. Allen refused. Toyota
therefore joined Allen as a third-party de-
fendant in the Threattes' wrongful death
action. Toyota subsequently settled the
Threattes' claim for $900,000, and the case
proceeded to trial on Toyota's third-party
indemnity claim against Allen.

Prior to trial, Allen stipulated that it was
negligent in failing properly to install the
air bag computer and that such negligence
caused the non-deployment, that Toyota
was not negligent, and that the $900,000
payment to the Threattes was "correct and
proper."

At trial, the jury found Allen liable to
Toyota on the theory of implied indemnity,
and, after denying Allen's renewed motion
for judgment as a matter of law and Al-
len's alternative motion for new trial, Rec-
ord, Vol. 15 at 254, entered judgment for
Toyota. Allen now appeals, arguing: (1)
that there was no evidence that Allen's
negligence was a proximate cause of Ms.
Threatte's death; hence, the court should
have granted its judgment as a matter of
law; and (2) that the court abused its
discretion in denying Allen's alternative
motion for a new trial.

Allen's first argument is based on the court's overruling Allen's objection to the expert testimony of Roger Brown, a Toyota engineer, who testified on the causation issue. According to Allen, the court should have found Brown incompetent to testify under Fed.R.Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); had it done so, proof of causation would have been lacking and the court would have been required to dismiss Toyota's indemnity claim. We disagree. We find no error in the court's findings regarding Brown's qualifications as an expert to testify and that the court did not abuse its discretion in permitting Brown's testimony to come before the jury. Finally, we conclude that, with his testimony, the jury had ample proof of causation to render the verdict in question.

As Allen properly recognizes, we review a trial judge's denial of a motion for new trial for abuse of discretion. We have examined each of the grounds Allen cites in its motion for a new trial, and conclude that it was within the trial judge's sound discretion whether to grant the motion. We find no abuse of discretion in the judge's ruling.

AFFIRMED.